IN THE UNITED STATES DISTRICT COURT
FOR THE EAST DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

**CALVIN LYNDELL DIBRELL,**

    **Plaintiff(s)**,

vs

**CITY OF KNOXVILLE, Officers to be named,**
**in their Individual Capacity and Official Capacity**
    **Defendant(s).**

---

## COMPLAINT
---

Comes now the Plaintiff, Calvin Dibrell (hereinafter "Mr. Dibrell" or "Plaintiff") and, and for his cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee.

2. This action is brought pursuant to the Tennessee Human Rights Act, T.C.A. §4-21-401, et seq. and and 42 U.S.C. §1983 and §1985(2) (3).

3. This action alleges fraudulent misrepresentation, negligence, false arrest, false imprisonment, and malicious prosecution, negligent infliction of emotional distress and intentional infliction of emotional distress. In addition, this Complaint alleges any and all causes of action consistent with the facts of the case, and headings are used for convenience, but all statements are incorporated into each and every heading and section in this Complaint.

4. Plaintiff currently has a case in Knox County Circuit Court where he has alleged that the conduct has been ongoing against him, under case 1-90-21. Plaintiff files this Complaint to seek recovery of any claims not recoverable under that case.

**PARTIES**

5. Plaintiff, Calvin Dibrell, is and at all times pertinent herein, has been, a resident citizen of Knoxville, Knox County, Tennessee.

6. Defendant, City of Knoxville is responsible for the administration and governance of the Knoxville Police Department, which is located in Knox County, Tennessee.

7. The facts and occurrences hereinafter set forth took place in Knox County, Tennessee.

**FACTS**

8. That Plaintiff is a retired, wounded military veteran, who suffers from severe pain as a result of injuries suffered while conducting a military mission.

9. That as a result of his severe injuries, Plaintiff is prescribed and takes several medications to control pain, post-traumatic stress disorder and other maladies.

10. That in an effort to treat chronic onset of his symptoms, Plaintiff, as advised by his physicians, travels with his medications with him.

11. That due to personal animus and prior history, the Knoxville Police Department and some of its officers, have engaged in a systematic and deliberate effort to retaliate, harass and permanently imprison Plaintiff.

12. That within a short time period, all Defendants and/or Defendant's agent have stopped, detained or arrested Plaintiff more than forty (40) times for alleged traffic

violations.

13. That the Defendants' conduct has been a continuing practice for several years and is deliberately devised to harass, intimidate and or terrorize Plaintiff.

14. That the Defendants' conduct in harassing, intimidating and terrorizing Plaintiff continues unto this day.

15. That during 2012 and 2013, Defendants and/or Defendant's agents caused Plaintiff to be indicted on drug charges based upon fabricated, created and/or altered evidence.

16. That Plaintiff was forced to spend an enormous amount of his military pension and his mother's death benefits to post bail and hire counsel to defend him in several fabricated cases initiated by all Defendants or Defendant's agents.

17. That on February 17, 2014, Plaintiff was at Walgreens located in Knoxville, Tennessee waiting on a friend to exit the store, when he was approached by several Knoxville Police Officers, which included, Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens.

18. That the officers parked their vehicle in a manner to prevent Plaintiff from being able to leave peaceably.

19. That Plaintiff was not engaged in any nefarious or illegal activities at the time the officers approached him.

20. That the aforementioned officers ordered Plaintiff out of his vehicle and subjected him to a "canine search" and a search of his vehicle, including his personal belongings.

21. That the officers did not advise Plaintiff that he was free to leave, nor did they move their cars from blocking him in so that he could leave.

3

22. That Plaintiff was subsequently arrested and charged with possession of a controlled substance with the intent to sell in a school zone.

23. That after Plaintiff was indicted, Plaintiff requested a preliminary hearing and during that preliminary hearing, one or more of the aforementioned officers gave untruthful testimony regarding the circumstances surrounding Plaintiff's arrest.

24. That after Plaintiff was indicted, he made several requests for the body cam audio and video recordings, however, they were knowingly and intentionally not timely provided to Plaintiff. In fact, Plaintiff was forced to conduct a suppression hearing without having benefit of the body cam audio and video recordings.

25. That once Plaintiff obtained a copy of the audio and video recordings, it was obvious that some of the recordings had been altered or deleted, as they contained either no sound or he video went blank.

26. That during the trial, one or more of the aforementioned officers, offered untruthful testimony regarding the facts and circumstances surrounding the detention, arrest and subsequent indictment of Plaintiff.

27. That Officer Whitehead fabricated a story about an "unknown confidential informant" who had witnessed Plaintiff selling drugs in the Walgreen's parking lot.

28. That Officer Whitehead was unable to produce a clear description, a name, address or contact information from this informant.

29. That Officer Whitehead fabricated the story for the purpose of justifying an illegal search and seizure of Plaintiff.

30. That Officer Whitehead, Turner and White have all been involved in several unlawful detentions of Plaintiff in the past.

31. That Defendants, Whitehead, Turner, White and Pickens have intentionally and knowingly subjected Plaintiff to dozens of unlawful detentions and arrests for the purpose of retaliation and harassment.

32. That the information provided by Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, not only regarding the February 17, 2014 arrest, but several other prior warrantless arrests, was created, fabricated and/or altered.

33. That as a result of Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens conduct, Plaintiff was arrested and subsequently convicted and sentenced to twelve (12) years imprisonment at the Tennessee Department of Corrections.

34. That as a result of Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens and the City of Knoxville's conduct, Plaintiff served approximately three (3) years of the twelve (12) year sentence before being having his conviction overturned.

35. That the Court of Criminal Appeals found that the Defendants in this case violated Plaintiff's Constitutional rights as a matter of law.

36. That upon direct appeal, the Tennessee Court of Criminal Appeals ultimately vacated and dismissed the charges against Plaintiff. (Exhibit A).

37. ***Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.***

38. Plaintiff hereby incorporates by reference any and all allegations previously alleged in the complaint.

39. Plaintiff alleges that pursuant to T.C.A. 29-20-20 (a) municipalities and governmental entities are generally immune from suit.

40. Plaintiff alleges however that based upon the conduct of the governmental employees

5

and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from defendant, City of Knoxville.

41. ***Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.***

42. Plaintiff alleges that Defendant, City of Knoxville failed to provide adequate training or supervision for the police officers and that his failure to train and supervise his officers has become a custom that has resulted in repeated substantiated racial profiling, video tampering allegations and unconstitutional detentions and arrests against the City of Knoxville.

43. Plaintiff alleges that Defendant, City of Knoxville was aware that the officers involved had deficiencies, which would lead to the type of injuries which the Plaintiff suffered. However, the City of Knoxville failed to take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

44. Plaintiff alleges that Defendant, City of Knoxville was aware that the either these same officers or some combination of officers, which included one or more of these same officers had conducted over forty (40) traffic stops of this same Plaintiff within a very short period of time. However, the City of Knoxville failed to conduct any investigations or inquiries into their conduct or take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

45. Plaintiff alleges that Defendant, City of Knoxville was aware that these same officers often claimed to have unexplained deletions or interruption in their body cam audio and video recordings of Plaintiff's detentions or stops. However, the City of Knoxville failed to conduct

6

any investigations or inquiries into their conduct or take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

46. Plaintiff alleges that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that he was arrested without a "reasonable suspicion" or probable cause.

47. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that they created and or fabricated or altered evidence to conceal evidence of his illegal stop of Plaintiff and to ensure his improper conviction of drug charges.

48. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that they altered or deleted body cam, video and audio recordings of arrests made of Plaintiff in order to conceal the true factual circumstances surrounding their repeated traffic stops and detentions of Plaintiff.

49. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that within a relatively short time period, either conducted a traffic stop, detained or arrested Plaintiff over forty (40) times in an effort to retaliate, harass and/or intimidate him.

50. Plaintiff alleges that Defendants, Officers, Whitehead, Turner, Baldwin, Lane, Jones,

7

Case 3:22-cv-00207-CLC-JEM Document 1 Filed 06/07/22 Page 7 of 18 PageID #: 7

Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that his illegal arrest and subsequent untruthful court testimony during various hearings caused Plaintiff to be imprisoned, causing certain severe physical and emotional injuries.

51. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that they offered untruthful testimony at various courts proceeding under oath, which caused Plaintiff to be convicted and imprisoned for several years.

52. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently treated or allowed Plaintiff to be treated in a humiliating manner, causing certain severe physical and emotional injuries.

53. Plaintiff alleges that Officer Turner, as well as several other KPD officers, have a prior history of racial profiling and conducting unconstitutional stops of African-American men, but have never been sanctioned, reprimanded or received any other effective corrective action.

54. Plaintiff alleges that the Knoxville Police Department has actual knowledge of the alleged unconstitutional conduct of Officer Turner, several other officers, but have knowingly and intentionally refused to take effective corrective action.

55. ***Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.***

56. Plaintiff alleges that all Defendants were aware and through the outlined conduct, did

8

conspire to deprive Plaintiff, an African-American, equal protection of the law and the privileges afforded to him under the Constitution.

57. That all Defendants conspired, for the purpose of depriving Plaintiff, an African-American male, of equal protection under the law when they pretextually and without probable cause pulled Plaintiff's vehicle over more than 40 times.

58. That all Defendants conspired, for the purpose of depriving Plaintiff, an African-American male, of equal protection under the law when they pretextually and without probable cause arrested Plaintiff, testified falsely under oath and altered and/or edited their recording devices, while he had other matters pending before the court, for the purpose of deterring and intimidating him from testifying regarding their conduct and to unconstitutionally have an effect on the outcome of Plaintiff's pending legal matters.

59. That Plaintiff was treated negatively, and violently by Defendants because of his race.

60. That all Defendants have created, fostered and encouraged a culture of racial profiling of African-Americans, which led to the above-named Defendants to conspire to falsely arrest Plaintiff, alter or fabricate evidence against Plaintiff, and testify untruthfully under oath to secure Plaintiff's conviction.

61. Plaintiff alleges that Defendant, City of Knoxville knew or should have known that the aforementioned officers had a history of directly or indirectly depriving African-Americans of equal protection of law or privileges but failed to provide adequate training or supervision for the police officers and that his failure to train and supervise his officers has become a custom that has resulted in repeated substantiated racial profiling, video tampering allegations and unconstitutional detentions and arrests against the City of Knoxville.

62. That all Defendants have created fostered and encouraged and participated in a conspiracy to harass, intimidate, falsely arrest Plaintiff, alter or fabricate evidence against Plaintiff, and testify untruthfully under oath to secure Plaintiff's conviction. That the Defendant's conduct constitutes a conspiracy to violate Plaintiff's Constitutional rights.

63. That Defendants are all aware of the history that Plaintiff has with Defendants.

64. Plaintiff alleges that Defendant, City of Knoxville was aware that the either these same officers or some combination of officers, which included one or more of these same officers had conducted over forty (40) traffic stops of this same African-American Plaintiff within a very short period of time. However, the City of Knoxville failed to conduct any investigations or inquiries into their conduct or take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

65. Plaintiff alleges that Defendant, City of Knoxville was aware that these same officers often claimed to have unexplained deletions or interruption in their body cam audio and video recordings of Plaintiff's detentions or stops. However, the City of Knoxville failed to conduct any investigations or inquiries into their conduct or take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

66. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally conspired to violate his Constitutional rights in that he was arrested without a "reasonable suspicion" or probable cause because he was an African-American.

67. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and

10

Pickens, while acting under the color of state law, intentionally conspired to violate his Constitutional rights in that they created and or fabricated or altered evidence to conceal evidence of his illegal stop of Plaintiff and to ensure his improper conviction of drug charges.

68. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally conspired to violate his Constitutional rights in that they altered or deleted body cam, video and audio recordings of arrests made of Plaintiff in order to conceal the true factual circumstances surrounding their repeated traffic stops and detentions of Plaintiff.

69. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, conspired to violate his Constitutional rights in that within a relatively short time period, either conducted a traffic stop, detained or arrested Plaintiff over forty (40) times in an effort to retaliate, harass and/or intimidate him because he was African-American.

70. Plaintiff alleges that Defendants, Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally conspired to violate his Constitutional rights in that his illegal arrest and subsequent untruthful court testimony during various hearings caused Plaintiff to be imprisoned, causing certain severe physical and emotional injuries.

71. Plaintiff alleges that Defendants, Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally conspired to violate his Constitutional rights in that they offered untruthful testimony at various courts proceeding under oath, which caused Plaintiff to be convicted and imprisoned for several years.

11

72. Plaintiff alleges that Defendants, Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently treated or allowed Plaintiff to be treated in a humiliating manner because he was an African-American, causing certain severe physical and emotional injuries.

73. *__Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.__*

74. Plaintiff allege that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens knowingly and intentionally provided created or fabricated information to justify an unlawful detention, search and arrest of the Plaintiff.

75. Plaintiff allege that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens knowingly and intentionally created and or altered body cam audio and video recordings to make it appear that Plaintiff were involved in criminal activity.

76. Plaintiff allege that the only basis for Plaintiff' arrest and subsequent criminal charges, were the created, altered or fabricated "alleged" confidential informant statements.

77. *__Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.__*

78. Plaintiff alleges that Defendant, City of Knoxville failed to provide adequate training or supervision for by Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens and that his failure to train and supervise his officers has become a custom that has resulted in repeated substantiated excessive racial profiling, unlawful arrest/detention and false imprisonment

12

claims against the City of Knoxville.

79. Plaintiff alleges that Defendant, City of Knoxville was aware that by Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens had deficiencies, which would lead to the type of injuries which the Plaintiff suffered. However, the City of Knoxville failed to take remedial action and provide adequate training, supervision or discipline for the police officers and that his failure was the proximate cause of Plaintiff's injuries.

80. Plaintiff alleges that Officers Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated his Constitutional rights in that he was arrested without probable cause.

81. ***Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.***

82. Plaintiff allege that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens filed were all involved in filing criminal charges against Plaintiff.

83. Plaintiff alleges that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens remained actively involved in the prosecution after the charges were filed.

84. Plaintiff alleges that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens did not have probable cause necessary to request or recommend filing criminal charges against Plaintiff.

85. Plaintiff alleges that Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens initiated the criminal charges for improper and unlawful purposes.

13

86. Plaintiff alleges that Defendants Officers, Whitehead, Turner, Baldwin, Lane, Jones, Kimber and Pickens, while acting under the color of state law, intentionally, recklessly and negligently violated her Constitutional rights in that they filed criminal charges against Plaintiff knowing that there was no legal basis, causing certain severe physical and emotional injuries.

87. *Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.*

88. On said date Plaintiff were arrested by the Defendants, against his will, and without any justification.

89. In detaining Plaintiff, the Defendants were engaged in the regular course of and within the scope of his employment for the City of Knoxville Police Department. As such, City of Knoxville is vicariously liable for the actions of the officers.

90. *Plaintiff hereby incorporate by reference any and all factual and allegations and legal bases and/or conclusions previously made in this complaint.*

91. Plaintiff allege that Defendants' negligent conduct in falsely arresting them using created, fabricated or altered evidence and testifying under untruthfully under oath to secure Plaintiff's conviction, are acts that so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of emotional distress.

92. Plaintiff allege that Defendants' egregious conduct in falsely arresting them using created, fabricated or altered evidence and testifying under untruthfully under oath to secure Plaintiff's conviction, caused Plaintiff to be wrongfully incarcerated for more than two years. Furthermore, Defendants' conduct so shocks the conscious of the ordinary reasonable behavior and thus caused intentional infliction of emotional distress.

93. In 2006, Plaintiff was falsely accused of rape by Assistant District Attorney Mary Ward.

94. Mary Ward was a white female, and Plaintiff is a black male who was falsely accused, and is being subjected to the conduct explained in this Complaint based on his race.

95. Once accused, the S.W.A.T. team was called, and Plaintiff was arrested, and received extensive news and media coverage.

96. The matter was investigated by the Tennessee Bureau of Investigation.

97. Mary Ward was married at the time of the allegations.

98. Based on the allegations, multiple parties lost their job, and it was determined that Plaintiff was falsely accused, based on the DNA evidence.

99. However, Plaintiff, since that time, has been arrested and prosecuted multiple times by Defendants.

100. Plaintiff was specifically told by Officers Baldwin, Turner, Lang, White, Whitehead, and Jones, as well as other officers unnamed, while Plaintiff was being arrested after the false allegations, that he would be killed, and that he they were going to make sure that Plaintiff went to jail for touching one of their own women, in referring to Mary Ward, a white female.

101. Despite the fact that the allegations were not true, Defendants prosecuted Plaintiff unjustly.

102. Defendants understood that by prosecuting Plaintiff unjustly, it would intimidate Plaintiff.

103. When Plaintiff attempted to exercise his constitutional rights to a trial, and to

15

receive evidence on his behalf, Defendants attempted to keep him from doing so by having Plaintiff jailed with no bond, after vouching for evidence that Defendant either knew, or should have known was false.

104. Defendants knew that Plaintiff had a State and United States Constitutional right to a bond.

105. When Plaintiff tried to exercise his right to a bond, he was deprived of it based on Defendants having the bond revoked for no basis.

106. Defendants has also attempted to discourage Plaintiff from pursuing any litigation against Defendants, by refusing to protect Plaintiff whenever he seeks the help of the Knoxville Police Department.

107. Defendants refused to prosecute Ms. Christina McElyea, even after having all necessary evidence to show that she committed crimes against Plaintiff.

108. In 2019, after Plaintiff was criminally prosecuted on one of his cases, Plaintiff provided very detailed information, as requested by Defendants, showing that Ms. Christina McElyea committed bank fraud against Plaintiff.

109. After receiving the evidence which confirmed that the crime was committed, Defendants informed Plaintiff that they would not prosecute Ms. McElyea, despite the proof of her guilt.

110. Plaintiff provided Defendants with everything they needed to prosecute.

111. Defendants did this to intimidate Plaintiff, and to send him a message that if he attempts to exercise his legal rights and to seek justice against them, he will be punished.

112. Plaintiff, while bringing litigation against Defendants, has been threatened by the Knoxville Police Department that they would kill him.

113. Defendants are aware of this information, and have not protected Plaintiff in order to further intimidate Plaintiff, and to use this intimidation to help make the matters go away.

114. That Defendants has utilized parties to engage in this conduct who were not limited to the district attorney, or assistant district attorneys.

115. Then, in Knox County Criminal Court, Plaintiff was prosecuted under the charges of Aggravated Assault, Domestic Violence, and Unlawful Possession of a Weapon.

116. The charges were known to be false be Defendants, and Plaintiff was maliciously prosecuted under Case 116531.

117. Plaintiff was incarcerated under these charges and held in custody.

118. In addition, Plaintiff was charged with Introducing Contraband into a Penal Facility in Knox County Criminal Court, under Case 116509.

119. Defendants knew these charges to be false as well, as Defendants arrested Plaintiff in the courthouse, took him into jail, and then charged him with having prescription drugs on his person in the jail, after they took him into the jail with them.

120. Cases 116509 and 116531 were both dismissed on 6-8-2022 and Defendant was released from State Custody.

121. Defendants have engaged in malicious harassment with Plaintiff.

122. Defendants have a pattern, custody, and practice of this behavior.

## *DAMAGES*

123. That Plaintiff alleges that Defendants' negligent conduct in falsely arresting him using created, fabricated or altered evidence and testifying untruthfully under oath to secure

17

Plaintiff's conviction caused him to exhaust all of his economic resources, bring him to the brink of bankruptcy and nearly caused him to lose his home to foreclosure.

124. As a direct and proximate result of the defendants' actions, Plaintiff have suffered humiliation, indignity, disgrace, fright, shame, mortification, injury to Plaintiff' feelings and reputation, mental and physical suffering, and has incurred medical and rehabilitative expenses, lost wages, pain and suffering, and loss of enjoyment of life.

125. Plaintiff has been falsely arrested and prosecuted, and subjected to incarceration, and harassment, based on all of the conduct alleged in this Complaint, which was knowingly and intentional conduct by Defendants.

## *RELIEF SOUGHT*

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against the defendants as follows:

A. Issue a declaratory judgment finding that the practices herein alleged are unlawful.

B. Award Plaintiff $5,000,000 in compensatory damages.

C. Award Plaintiff $5,000,000 in punitive damages.

D. Grant Plaintiff such further relief, as this Court deems proper.

Respectfully Submitted,

*S/*Terrell Tooten
Terrell Tooten BPR 28506
1160 Vickery Lane Suite 2
Cordova, TN 38016
(901) 609-3622 Ph. No.
x99tooten@gmail.com