UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CALVIN LYNDELL DIBRELL, | ) |
|     *Plaintiff*, | ) Case No: 3:22-cv-207 |
| | ) Judge Curtis L. Collier |
| v. | ) |
| | ) Magistrate Judge Jill E. McCook |
| CITY OF KNOXVILLE, | ) |
|     *Defendant*. | ) |

## MEMORANDUM

Before the Court is a motion for summary judgment by Defendant City of Knoxville (the "City") pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 42.) Plaintiff has responded (Doc. 47) and Defendant has replied (Doc. 49). The matter is now ripe for review.

For the reasons set out below, the Court will **GRANT** Defendant's motion for summary judgment (Doc. 42).

### I.    BACKGROUND[1]

On September 20, 2018, Plaintiff filed a complaint in this Court against Defendant and eight named Knoxville Police Officers (the "Named Officers") in their individual and official capacities (the "First Case"). (Doc. 1 in Case No. 3:18-cv-397.) Plaintiff invoked 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Tennessee Human Rights Act (the "THRA"), Tenn. Code Ann. §§ 4-21-401 et seq., as the legal basis for his First Complaint. (*Id*. ¶¶ 1–2.) He asserted claims for "fraudulent misrepresentation, negligence, false arrest, false imprisonment, and malicious

---

[1] Factual disputes and reasonable inferences regarding the underlying facts are presented in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

prosecution, negligent infliction of emotional distress[,] and intentional infliction of emotional distress." (*Id.* ¶ 3; *see also id.* ¶¶ 82–101.)

Factually, the First Case was based on Plaintiff's allegations that the Named Officers and other agents had conducted traffic stops, detained, or arrested Plaintiff more than forty times within a short period of time based on racial and personal animus; that they had fabricated or altered evidence against him; and that they had given false testimony against him. (*See, e.g., id.* ¶¶ 18–19, 22, 56–62.) The complaint in the First Case did not identify the dates between which the forty wrongful interventions occurred. (*See id.*) It did, however, allege "[t]hat the Defendants' conduct in harassing, intimidating and terrorizing Plaintiff continues unto this day," namely the filing date of September 20, 2018. (*Id.* ¶ 21.) It also alleged dates or timeframes for two specific incidents or sets of incidents. First, it alleged false arrests of Plaintiff based on fabricated or altered evidence in 2012 and 2013. (*Id.* ¶ 22.) Second, it alleged an unlawful search and arrest by the Named Officers on February 17, 2014, leading to a wrongful conviction which was later reversed by the Tennessee Court of Criminal Appeals. (*Id.* ¶¶ 24–43.)

This Court granted summary judgment to Defendant and the Named Officers in the First Case on April 22, 2020. (Doc. 100 in Case No. 3:18-cv-397.) The Court dismissed the federal claims with prejudice and declined to continue exercising supplemental jurisdiction over the state-law claims, dismissing them without prejudice. (*Id.*) The Court of Appeals for the Sixth Circuit affirmed the judgment on January 8, 2021. *Dibrell v. City of Knoxville*, 984 F.3d 1156 (6th Cir. 2021).

Plaintiff filed his current action in this Court on June 7, 2022 (the "New Case"). (Doc. 1.) Defendant is the sole defendant named in the New Case. (*See id.* at 1 and ¶ 6.) As in the First Case, the New Case invoked 42 U.S.C. §§ 1983 and 1985 and the THRA as a legal basis.

2

(*See* Doc. 1 ¶ 2.) Also as in the First Case, the complaint in the New Case recited that it asserts claims for "fraudulent misrepresentation, negligence, false arrest, false imprisonment, and malicious prosecution, negligent infliction of emotional distress[,] and intentional infliction of emotional distress." (*Id*. ¶ 3.)

Paragraphs 93 through 122 of the complaint in the New Case contain three new sets of allegations. (*Compare* Doc. 1 ¶¶ 93–122 *with* Doc. 1 in Case No. 3:18-cv-397.) First, Plaintiff alleged he was falsely accused of rape by a white female Assistant District Attorney in 2006, for which certain of the Named Officers and others threatened him with death during an arrest on false allegations and violated his right to a trial and to bond. (Doc. 1 ¶¶ 93–105.) Second, Plaintiff alleged "Defendants" have tried to discourage him from suing them by refusing to give him help from the Knoxville Police Department, specifically by not prosecuting a third party against whom Plaintiff presented evidence of bank fraud and by threatening to kill Plaintiff in response. (*Id.* ¶¶ 106–14.)

Third, Plaintiff alleged he was falsely and maliciously prosecuted in Knox County Criminal Court for Aggravated Assault, Domestic Violence, and Unlawful Possession of a Weapon in Case No. 116531. This claim arises out of an incident that occurred on June 16, 2019, after officers with the City of Knoxville Police Department responded to an aggravated-assault call at Plaintiff's residence. (Doc. 42-1 at 53.) According to the witness statements set forth in the incident report, Plaintiff was angry and became argumentative with his wife and stepdaughter. (*Id*.) Plaintiff allegedly hit his wife on the left side of her head several times with his elbow, causing redness and swelling on her ear and a knot on her head. (*Id*.) He also allegedly grabbed her, breaking two of the nails on her left hand. (*Id*.) According to the witness statements, Plaintiff then went downstairs, retrieved a handgun, and pointed it at his wife

3

and stepdaughter saying, "get . . . out of my house." (*Id*.) When officers arrived, Plaintiff's two stepdaughters "were both outside, visibly distraught, and in tears." (*Id*.) An officer took pictures of the wife's injuries. (*Id*. at 56–58.)

At the time, Plaintiff denied the altercation and that he pointed a gun at his wife and stepdaughter. (Doc. 42-1 at 5, 11, 55.) However, Plaintiff does not dispute the substance of the statements that the witnesses gave to responding officers as set forth in the incident report. (*Id*. at 11–14). Although officers did not locate a handgun at the scene, they discovered two bullets of different calibers in the garage near the location they first encountered Plaintiff. (*Id*. at 55.) Due to his prior criminal convictions, Plaintiff was prohibited from owning firearms at the time of the June 16, 2019, incident. (*Id*. at 4, 15.) As a result of these events, Plaintiff was arrested and taken into custody on charges of aggravated assault and unlawful possession of a weapon. (*Id*. at 48.) Plaintiff posted bond several hours later and was released from custody. (*Id*. at 16.) Plaintiff was indicted by a Knox County grand jury for the charges of aggravated assault, domestic assault, and unlawful possession of a gun. (Doc 42-2.) These charges were later dismissed on June 8, 2022.[2] (Doc. 42-1 at 24–25.)

Lastly, Plaintiff alleged he was falsely and maliciously prosecuted for Introducing Contraband into a Penal Facility in Case No. 116509 (the "Knox Criminal Case"). On August 22, 2019, Plaintiff was arrested by a deputy from the Knox County Sheriff's Office while in court on a separate hearing. (*Id*. at 17–18.) Plaintiff was transported to the Knox County Detention Facility, where, upon conducting a strip-search of Plaintiff, officers discovered at least

---

[2] Plaintiff's complaint was filed on June 7, 2022, the day before the alleged dismissal of the charges in the Knox County Criminal Cases. (*See* Doc. 1.) There thus appears to be a typographical error as to the date of dismissal.

4

one concealed fentanyl patch attached to his person. (*Id*. at 18–19, 21, 60.) As a result, Plaintiff was charged with introducing contraband into a penal facility. (*Id*. at 66.) This charge was also dismissed on June 8, 2022. (*Id*. at 23)

On November 30, 2022, Defendant moved to dismiss the New Case. (Doc. 17.) This Court dismissed all of Plaintiff's claims under §§ 1983 and 1985 related to his 2014 arrest due to *res judicata*. (Doc. 27 at 1.) This Court also dismissed the Plaintiff's claims relating to a 2006 rape allegation and 2019 failure to prosecute because the claims were barred by the statute of limitations. (*Id*.) Lastly, this Court dismissed Plaintiff's state-law claims for malicious harassment, fraudulent misrepresentation, intentional infliction of emotional distress, malicious prosecution, false arrest, and false imprisonment because the City retained immunity from suit for these claims. (*Id*.)

This Court, however, denied Defendant's motion to dismiss as to Plaintiff's § 1983 claim for the Knox Criminal Cases. (*Id*. at 1–2.) This Court also did not dismiss Plaintiff's state-law claims for negligent infliction of emotional distress and negligence. (*Id*. at 2.) The Court determined that Plaintiff had made at least sufficient allegations of these claims to satisfy the relevant standard and move past the motion-to-dismiss stage. (Doc. 26 at 13, 16.) Defendant now moves for summary judgment on the remaining claims. (Doc. 42.)

II.     **STANDARD OF REVIEW**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in

5

the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The Court may not make credibility determinations or weigh the evidence in addressing a motion for summary judgment. *Id.* at 255. If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. DISCUSSION

Defendant moves for summary judgment as to each of Plaintiff's remaining claims. The Court first turns to Plaintiff's § 1983 claim for malicious prosecution and then to his state-law claims for negligent infliction of emotional distress and negligence.

#### A. § 1983 Claims

Plaintiff argues he was maliciously prosecuted in violation of § 1983 for aggravated assault, domestic assault, and unlawful possession of a firearm, and for introducing contraband into a penal facility. A local government may be liable under § 1983 for unconstitutional acts committed by its agents if the local government's policy or custom caused the constitutional violation. *Susselman v. Washtenaw Cnty. Sheriff's Off.,* 109 F.4th 864, 873 (6th Cir. 2024) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)). To prevail in a § 1983 claim, a plaintiff must prove that (1) agents of the municipality, while acting under color of a state law, (2) violated the plaintiff's constitutional rights, and (3) a municipal policy or policy of inaction was the moving force behind the violation. *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (2004); *see also Nugent v. Spectrum Juv. J. Servs.*, 72 F.4th 135, 138 (6th Cir. 2023).

First, Plaintiff's § 1983 claim regarding the contraband in the Knox County Detention Facility fails as a matter of law. The investigation, arrest, and prosecution of this charge was carried out by an employee of the Knox County Sheriff's Department, not an employee of the City of Knoxville. (*See* Doc. 42-1 at 60.) Although Plaintiff does not dispute this fact, (*id*. at 22–23), he argues Defendant should still be liable because the City of Knoxville and the Knox County Sheriff's Office are "intertwined[] and work together." (Doc. 47 at 5.) To support his argument, Plaintiff provides a webpage from the Knox County Sheriff's Office's website that

7

states the following: "Zone 001 is the area KCSO works in tandem with KPD. Services in Zone 001 are typically operated by KPD and city government." (Doc. 47-2 at 1.) Because the two entities "work in tandem" in Zone 001, Plaintiff argues there is a genuine issue of material fact as to whether the employee of Knox County Sheriff's Office was acting on behalf of the City of Knoxville. (Doc. 47 at 5–6.)

The Court disagrees. Plaintiff was arrested by a deputy from the Knox County Sheriff's Office while in court on a separate matter. (Doc. 42-1 at 18–19, 21.) Plaintiff was transported to the Knox County Detention Facility, and upon routine in-take procedures, Knox County officers discovered a concealed fentanyl patch attached to his person. (*Id*. at 60.) Subsequently, Plaintiff was prosecuted for a charge of introducing contraband into a penal facility. (*Id*. at 66.)

Here, Knox County was the "'moving force' behind the injury alleged," not the City of Knoxville. *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 880 (6th Cir. 2020) (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)). Plaintiff already admitted no one from the Knoxville Police Department charged him with introducing contraband (Doc. 42-1 at 22–23), and the webpage he cites merely shows that there are zones where both the City of Knoxville and Knox County have concurrent law-enforcement authority. A reasonable jury could not find in favor of Plaintiff on the first element of municipal liability because the City and the City's employees had nothing to do with Plaintiff's prosecution. *See Nugent*, 72 F.4th at 138. Accordingly, Plaintiff's § 1983 Claim for the Knox Criminal Case where he was charged with introducing contraband into a penal facility will be **DISMISSED WITH PREJUDICE.**

The Court will now consider whether Plaintiff's arrest and subsequent criminal prosecution for aggravated assault, domestic assault, and unlawful possession of a weapon support a malicious prosecution claim under § 1983. Constitutional malicious-prosecution

8

claims are premised on the Fourth Amendment as incorporated into the Fourteenth Amendment. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). To establish a malicious prosecution claim under federal law, Plaintiff must prove that: (1) a criminal prosecution was initiated against Plaintiff, and Defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a result of legal proceedings Plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceedings were resolved in Plaintiff's favor. *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017); *Tlapanco v. Elges*, 969 F.3d 638, 653–55 (6th Cir. 2020).

There appears to be no dispute that Plaintiff suffered a deprivation of liberty, even if minor. Plaintiff was taken into custody for the charges, and although he posted bond later that day, he still spent twelve hours there. (Doc. 42-1 at 16.) There is also no dispute that the case resolved in his favor. The charges were dismissed on June 8, 2022. (*Id*. at 70–71). That leaves the Court to resolve only the first and second elements of malicious prosecution.

The first question then is whether any officer of the City of Knoxville influenced or participated in the decision to prosecute. Under the first element, "whether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions." *Wright*, 962 F.3d at 876 (quoting *Sykes*, 625 F.3d at 311 n.9). "Although Plaintiff need not show that the officers influenced or participated with malice, 'there must be some element of blameworthiness or culpability in the participation,' that is, 'truthful participation in the prosecution is not actionable.'" *Id*. (citing *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015)). Examples include the officer giving false testimony before a grand jury, *id.*, or providing reports, affidavits, or other investigative materials containing falsehoods, omissions, or misstatements to a prosecutor, *Tlapanco*, 969 F.3d at 655. "[A]n officer will not

9

be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's truthful materials." *Sykes*, 625 F.3d 294, 314 (6th Cir. 2010). "The prototypical case of malicious prosecution involves an official who fabricates evidence that leads to the wrongful arrest or indictment of an innocent person." *Mills*, 869 F.3d at 480.

Defendant argues there is no evidence that "an officer or agent of the City participated in the decision to prosecute [Plaintiff] beyond submitting materials to the prosecution." (Doc. 43 at 15.) Instead, Defendant highlights that Plaintiff admitted to not knowing of anyone other than his wife who participated in the decision to prosecute him. (Doc. 49 at 3 (citing Doc. 42-1 at 27).) Plaintiff also admitted to not knowing what happened in the grand jury proceeding or whether any officers testified at all. (Doc. 42-1 at 26.)

The Court agrees that Plaintiff has failed to address or provide evidence to support a finding that the City influenced the decision to prosecute beyond truthful participation. *See Wright*, 962 F.3d at 876. Accordingly, Defendant has met its burden of demonstrating no genuine issue of material fact exists for this element. *See Street*, 886 F.2d at 1479.

Although this claim fails on the first element, the Court will nevertheless address whether there was probable cause to arrest Plaintiff. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Newman v. Twp. Of Hamburg*, 773 F.3d 769, 772 (6th Cir. 2014). A grand-jury indictment creates a presumption of probable cause in malicious prosecution cases. *See, e.g.*, *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) ("[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause.") However, this presumption of probable cause can be overcome if an arresting officer "knowingly

10

Case 3:22-cv-00207-CLC-JEM   Document 57   Filed 01/24/25   Page 10 of 14
PageID #: 434

and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes*, 625 F.3d at 305. Specifically, the grand-jury presumption can be rebutted where:

> (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury).

*King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017).

Here, there is a presumption of probable cause because a grand jury indicted Plaintiff on the aggravated assault, domestic violence, and unlawful possession charges. (Doc. 42-2.) In an attempt to rebut the grand-jury presumption, however, Plaintiff contends Defendant created "false offense reports" which "did not accurately reflect what had occurred." (Doc. 47 at 6.) Plaintiff states:

> Defendant did not write up an accurate Incident Report. Defendant failed to explain that it was there due to a contact with Plaintiff's ex-wife reaching out to an officer directly. Defendant did not explain why it had so many police there with weapons drawn on Plaintiff, or what policy would have allowed that to occur. Defendant did not include in any reports that it has threatened Plaintiff's life over the belief that he raped an assistant district attorney, nor did Defendant include any facts in the Incident Report that it had a history of arresting Plaintiff since he was alleged to have raped the assistant district attorney. The information is relevant when determining if probable cause existed to believe that Plaintiff committed a crime.

(*Id*. at 4.)

Beyond criticizing the City's investigation, Plaintiff fails to identify any specific instances of Defendant presenting false testimony, fabricating evidence, or making misleading

11

statements. *See King*, 852 F.3d at 587–88. To the contrary, Plaintiff "stipulates" to the substance of the witnesses' statements reflected in the police report, (Doc. 42-1 at *Id*. at 11–14), meaning no reasonable jury could find that Defendant mischaracterized, misconstrued, or obfuscated any portion of the complaining witnesses' statements. *See Cummings v. Flint Police Dep't.*, 735 F. Supp. 3d 810, 819 (E.D. Mich. 2024). Although Plaintiff does allege omissions in the police report, Defendant's alleged omissions "are not affirmative false statements or falsified evidence that defeat the presumption of probable cause the grand jury indictment created." *Artuso v. Felt*, No. 1:19-CV-01798, 2022 WL 17960677, at *12 (N.D. Ohio Dec. 27, 2022), *aff'd*, No. 23-3035, 2024 WL 495763 (6th Cir. Feb. 8, 2024).

By pointing to what he perceives as deficiencies in the investigation, Plaintiff also argues that Defendant "failed, and intentionally chose, not to properly investigate the matter." (Doc. 47 at 6.) He alleges Defendant failed to interview all relevant witnesses and conduct all relevant investigations when arresting him. (*Id*. at 3.) As a result, he argues that "Defendant's failure to properly investigate negates any alleged probable cause." (*Id*. at 6.)

Both inculpatory and exculpatory evidence is relevant in the probable cause assessment, but "[w]here the police have sufficient inculpatory evidence to give rise to a determination of probable cause and they do not know of any exculpatory evidence, . . . the failure to make further investigation does not negate probable cause." *Cummings*, 735 F. Supp. 3d at 819 (quoting *Klein v. Long*, 275 F.3d 544, 552 (6th Cir. 2001)). In other words, an officer is under no duty to investigate further or look for additional evidence which may exculpate the accused once probable cause is established. *Id*.

In this case, the witnesses' testimony, the wife's injuries, the bullets found at Plaintiff's home, and the officer's own observations were a sufficient basis for probable cause. *See*

12

*Newman,* 773 F.3d at 772. There is no evidence suggesting that the arresting officer knew about Plaintiff's longstanding history with the Knoxville Police Department in other matters. Therefore, despite Plaintiff's contention, the failure to investigate further and "interview[] or search[] for the parties who threatened Plaintiff" (Doc. 47 at 3), does not negate the established probable cause. *Cummings*, 735 F. Supp. 3d at 819. Plaintiff is not entitled to a trial based on mere allegations. *Smith,* 2009 WL 3762961, at *2–3. For these reasons, Plaintiff has failed to demonstrate an underlying constitutional violation.

Accordingly, Plaintiff's claim fails as a matter of law because a municipality cannot be liable under *Monell* absent an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). Plaintiff's § 1983 claim for the Knox Criminal Case in which he was charged with aggravated assault, domestic assault, and unlawful possession of a weapon will be **DISMISSED WITH PREJUDICE.**

### B. State-Law Claims

Defendant also moves to dismiss Plaintiff's claims for negligent infliction of emotional distress and negligence. (Doc. 42 at 1.) Pursuant to 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (internal citations omitted).

Here, the Court has determined that Plaintiff's federal claims against Defendant will be dismissed because there is no constitutional violation to sustain a finding of *Monell* liability. Because the Court will dismiss Plaintiff's federal claim, the Court will **DECLINE** to continue

exercising supplemental jurisdiction over Plaintiff's state-law claim. Accordingly, Plaintiff's state-law claims will be **DISMISSED WITHOUT PREJUDICE**

IV. <u>**CONCLUSION**</u>

For the foregoing reasons, the Court will **GRANT** Defendant's motion for summary judgment (Doc. 42). Plaintiff's *Monell* claim will be **DISMISSED WITH PREJUDICE**. Plaintiff's claims for negligent infliction of emotional distress and negligence will be **DISMISSED WITHOUT PREJUDICE**.

        AN APPROPRIATE ORDER WILL ENTER.

        /s/_____
        **CURTIS L. COLLIER**
        **UNITED STATES DISTRICT JUDGE**